**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

HICA EDUCATION LOAN CORP.
Through its agent Sallie Mae, Inc.

    Plaintiff

             v.                               **Civil No. 08-1781 (SEC)**

FERNANDO L. LAPETINA

    Defendant

**OPINION AND ORDER**

Pending before the Court is HICA Educaction Loan Corp.'s ("Plaintiff") Motion for Summary Judgment. Dockets ## 10 & 28. Defendant Fernando L. Lapetina ("Defendant") has not filed an opposition. After considering the filings, and the applicable case law, Defendant's Motion for Summary Judgment is **GRANTED.**

**Factual Background**

On July 16, 2009, Plaintiff filed the instant suit for the collection of monies owed pursuant to a student loan. According to Plaintiff, Defendant defaulted on the payments. As a result thereof, Plaintiff seeks payment of the total principal amount, plus accrued interest. On March 27, 2009, Plaintiff moved for summary judgment. Docket # 10. Thereafter, the parties engaged in settlement efforts, and pursuant to their joint stipulation of dismissal (Docket # 16), this Court dismissed the case without prejudice (Docket # 17). On July 28, 2009, however, Plaintiff filed a motion seeking to set aside this Court's prior Judgment, arguing that Defendant failed to comply with the terms of the settlement agreement. Docket # 18. Defendant was ordered to show cause why Plaintiff's request should not be granted. Docket # 19. In light of Defendant's failure to respond, this Court set aside the dismissal of the case, and ordered Defendant to file an opposition to Plaintiff's motion for summary judgment, or it would be deemed unopposed. Docket # 20. After several procedural hurdles, a settlement conference was held on November 17, 2009, however, settlement efforts failed.

**Civil No. 08-1781 (SEC)**                                                                                                   2

As such, Plaintiff was ordered to provide updated information regarding the interest owed, in support of its motion for summary judgment, to which Defendant would timely oppose if warranted. Docket # 27. Shortly thereafter, Plaintiff filed a supplemental motion to its motion for summary judgment. Docket # 28. Defendant did not file an opposition.

**Standard of Review**

*R. FED. CIV. P. 56*

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(citing Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v.

**Civil No. 08-1781 (SEC)**                                                                                                                3

McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute, and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (citing Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8 (citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Applicable Law and Analysis**

After reviewing the record, this Court finds that the following pertinent facts, are uncontested.

Plaintiff signed a Promissory Note executed on December 8, 1997, for the amount of $89,201.49. Plaintiff's SUMF ¶ a. Under the terms of the loan, Defendant promised to pay the bank, or the current holder of the note, the principal amount of $89,201.49, plus interest thereon, at variable rates, as described in the Note. Id. at b. All payments were owed in monthly installments, continuing until the loan was paid in full. Id.

On or around April 23, 2008, Frank Pola, Esq., Plaintiff's counsel, sent a letter dated

**Civil No. 08-1781 (SEC)**                                                                                                  4

April 27, 2008, to Defendant, informing him about the pending suit for collection of monies, and granting Defendant the opportunity to make the owed payments prior to the filing of the instant suit. Id. at d. Defendant has not made any payments on the loan since October 4, 2007. Id. at c. Under the applicable terms and conditions, the loan is in default of the debtor fails to make payments for 60 days. Id. As of the date of the mediation session held on March, 23, 2009, Defendant had been on default or delinquent for 508 days. Id. Pursuant to the Promissory Note, if the debtor defaults, the entire unpaid loan, including interest due, becomes due and payable. Id. During the life of the loan, Defendant's request for forbearance was granted. Id. at e. Defendant was also offered by the option of consolidating his student loans, and after doing so, the default ensued. Id.

Pursuant to Robin Johns, Sallie Mae's agent, Defendants owes the sum of $99,570.92, $10,280.30 in interest accrued through November 24, 2009, plus interest accrued from that date at an annual percentage rate which is equal to a variable rate pursuant to the Promissory Note, until the loan is paid in full.

Based on the foregoing, this Court concludes that Defendant defaulted on his student loan, and as a result, he shall pay HICA, by and through its agent Sallie Mae, Inc., the amount of $99,570.92 in principal, $10,280.20 in interest accrued through November 24, 2009, plus post judgment interest until paid in full. During the conference held on November 17, 2009, the parties agreed that Defendant shall pay Plaintiff $5,500 in collection costs and attorney's fees. Docket # 27.

**Conclusion**

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of December, 2009.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge